

LIBERTY & FREEDOM
LEGAL GROUP, LTD

November 18, 2025

**VIA ECF**

Hon. John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

_/s/ John G. Koeltl_
John G. Koeltl, U.S.D.J.

11/18/25

     *Re: Garzon et al. v. Aviles-Ramos et al.*, 25-cv-5284-JGK

Dear Judge Koeltl:

  As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter, brought under the Individuals with Disabilities Education Act ("IDEA").

  Pursuant to Your Honor's Individual Practices, Plaintiffs respectfully request permission to file the Certified Record of the underlying administrative proceedings under seal.

  In any action brought under 20 U.S.C. § 1415(i)(2), the Court, *inter alia*, shall receive the records of the administrative proceedings. *See* 20 U.S.C. § 1415(i)(2)(C)(i). Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). One such competing interest weighing against disclosure is "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."). "'Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Matter of New York Times Co.*, 828 F.2d at 116).

Courts often permit filings under seal in IDEA actions to protect the privacy interests of minor plaintiffs, including the confidentiality of their medical and other sensitive information. See, e.g., *J.L. on behalf of J.P v. New York City Dep't of Educ.*, No. 17 Civ. 7150, 2024 WL291218, at *3 (S.D.N.Y. Jan. 25, 2024).

In this action, the Certified Record is voluminous and contains confidential and personally identifiable details about M.G., a minor, including particularly sensitive information regarding her health and education. The disclosure of such information is protected by 20 U.S.C. § 1415(a), which aims to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free and appropriate public education by state and local agencies." Children with disabilities and their parents have a right to the "confidentiality of any personal identifiable data, information, and records," as stated in 20 U.S.C. § 1415(h)(4), 1417(c). Thus, protecting the disclosure of this highly sensitive information is a compelling interest that weighs in favor of sealing the Certified Record in the underlying proceedings.

Sealing the Certified Record is also narrowly tailored to satisfy that interest. The Certified Record totals over 600 pages and is replete with confidential information. Further, the information that would need to be redacted is the private information of M.G., including information regarding her health status, disabilities, and the health and educational services she requires to be provided a free and appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1440 et seq. ("IDEA"). This information is crucial for a comprehensive understanding and evaluation of the merits of this action.

Because sealing the Certified Record is the only way for the Court to both protect Plaintiffs' compelling privacy interests and to fully evaluate this action based on the Record, Plaintiffs should be permitted to submit it under seal. Counsel for Plaintiffs contacted Defendants' counsel regarding this motion, but have not yet received a response.

Plaintiffs thank the Court for its courtesy and consideration.

Respectfully submitted,

Liberty and Freedom Legal Group, Ltd.
Attorneys for Plaintiff

By: *Nicole Lancia*

Nicole Lancia, Esq.
Liberty and Freedom Legal Group, Ltd.
105 E. 34th Street, #190
New York, NY 10016
(646) 850-5035
nicole@pabilaw.org